Okay, how much time would you like to reserve for rebuttal two minutes two minutes? Okay, go ahead, please You can move the podium down if you like. Yes There's a switch there somewhere May it please the court. My name is Lynn Hartfield and I represent the appellant Kendall Hawkins The question for the court today is if a warrant is issued via evidence that falls woefully short of establishing probable cause Can the government use the fruits of that warrant to track a person get more warrants and use? Information to use that information to detain the person The circumstances in this case establish an unbroken chain from the bare-bones Affidavit to an orchestrated stop on i-5 that led to the charges against. Mr. Hawkins Now the government argues you don't need to bother with the affidavit because Hawkins's companion was speeding and that provided an independent basis But the problem with that argument is that this traffic stop was anything but independent We know that because the government said as much Said that in their affidavits to get search a subsequent warrant It said that in incident reports and it even said that in filings in the district court But as I understand it you don't contest that the traffic stop itself Was legitimate no under Wren the police can stop somebody for speeding That's not the issue The issue is whether the traffic stop was independent of the tainted warrants and the evidence the tainted evidence We need to make the argument that anybody else speeding down to i-5 at the same time would not have been stopped No, I mean the the issue is under Murray Murray versus United States The Supreme Court explained what makes something independent and what makes it independent is that law enforcement's decision? To do the legal conduct wasn't tainted was not the product of the tainted Evidence or conduct and so here there's no way this traffic stop would have happened on that date in that spot Had it not been for the GPS tracking data But I Thought Wren foreclosed that argument I mean the Wren stop as I view it is a pretextual stop, but it's permitted because there's a traffic violation So Wren is a very different question Wren says the officer's motivation in stopping somebody has nothing to do with whether the stop is illegal Independent source under Murray is looking at what the officers are thinking and so it's a completely different question Under Murray we have to look at whether the officer's decision to do something legal, which is stop somebody speeding was driven by other illegal conduct earlier evidence that that was the case here because if you look at a Roscoe the court actually pointed to three pieces of evidence that The officers would not have done that Administrative stop but for this other investigation like they had an AUSA concession that yes we wouldn't stop that person if it weren't for our ongoing investigation, but there's nothing here that says the Officers would not have made the traffic stop if they weren't doing this Absolutely was because in there in the affidavit to get the cell site simulator warrant They said they intended to conduct this traffic stop Because they thought they had reason to believe there were drugs in this car so they conceded right there That's the reason they did the traffic stop. They also have this multi-agency team of agents with a dog at the ready So they knew exactly why they were stopping and it had nothing to do with the speeding That was just a pretext to get to the stop But the reason they stopped him was very clear from the affidavit in the cell site warrant It was clear in the police reports. It was clear because they had this whole team, you know Why would you have some Seattle police and FBI agents, you know Participating in a traffic stop in Centralia. It just doesn't it wouldn't have happened nor would they have deployed the dog immediately? So that you can absolutely tell from the circumstance of this offense and from their own words That the reason they executed this traffic stop was to investigate the drug crime And do you think the drug investigation extended the stop Yes, but but if they were already running mr. Appleton's for warrants, they were trying to learn. Mr. Hawkins's ID It seems like the regular traffic stop investigation was ongoing When they did the dogs. Well, if the court were to find this this was not Independent then we don't even get to Rodriguez The only way we get to Rodriguez is if the court finds that the stop was completely independent which it wasn't But if the court finds that this stop was independent The the issue with Rodriguez is that it says you cannot Extend the mission of the traffic stop beyond the time it would take to do that or reason You know or reasonably would be doing it The problem we have here is that because this was never a traffic stop they weren't doing the police weren't doing anything Attendant with the traffic stop and and I think you have to be weren't running You know, there's nothing in here that says that because I went back and looked at this If you look at the report of the officer, it's officers summers And I can give you a record site on that If you look at to er 263 and to er 261 Those are the reports one is by the officer who actually did the stop and the other was by an FBI 302 I believe by agent McCann who wasn't there wasn't at the stop They don't say anything about what was going on during that dog sniff They had pulled these guys out of the car But the reason they pulled them out of the car was to do the dog sniff. So You know the only place where it says that they were doing they were conducting traffic related Warrants checks and things is the affidavit of McCann after the motion this press is filed So the reports on scene don't talk about any traffic related activity They talk about we pulled them out of the car and we bring the dog out There was never any traffic citation issued the driver himself wasn't arrested. So it seems to me that if they were actually Going about the motions of a traffic stop. We would have seen a citation We've seen something in the reports saying we were running warrants checks. We were doing that The only place that says that is agent McCann's affidavit after the motion of suppress is filed So we're supposed to discount that I mean just I Think it's a little it doesn't she wasn't there and the trap the reports from the day of the event Don't mention anything about it Or was there ever any traffic citation actually issued and if the guy was speeding and he was let go Why wouldn't they have issued a traffic citation? Well, it's pretty clear. This is a pretextual stop I mean it just jumps out at you that This is the 78 miles an hour was a was a pretext for a stop and the only question of whether that's permissible Well again, it's permissible. It's whether it was independent of the tainted evidence Those are two different questions Wren says it's permissible to do a pretextual stop But that doesn't answer the question of whether it's independent from the the evidence the tainted evidence that they gained from the GPS warrant, so How what you it's a pretextual stop and They do have probable cause with respect to the speeding, right? Again yes, they yes under Wren that stop is okay because of the speeding the question is was it independent of The tainted evidence obtained from the GPS warrant. That's the question we have not Wren So you're you're really trying to give different meaning to the word pretextual. Absolutely. What is your best? case that would say that Even though this was pretextual It was an independent and And that's what's required. Well, Murray is the case that that you should look at because Murray says when we're deciding whether something is independent of Prior illegal conduct. We have to look at what the officers were thinking Under Wren that's a completely different question Wren is looking at could the police stop somebody even if they even if it was a pretext But that has nothing to do with independent source So that that's why Murray is the case you should be looking at not Wren Let me ask are you also contesting that the officers Couldn't take mr. Appleton and mr. Hawkins out of the car for safety because of the unloaded magazine They they could have taken him out of the car. But the question is again When they ran the dog were they doing traffic related Activity and the answer that is there's no evidence. They were Because they were they knew they were gonna stop this car They brought the dog out, you know within a minute or two and started going around the car So whether they could have ordered them out of the car is not that it's not the issue. The issue is whether the dog Was part of the traffic stop and It wasn't if the dog was part of the drug investigation Well, what once they've seen the so-called drum magazine in the glove compartment when he's getting out his Registration documents. Is that enough to trigger the dog? I understand the dog was triggered for different reasons But would that have been enough no because because one a drum magazine by itself is not illegal There's nothing illegal about having that under Washington law at that time Secondly dogs don't they don't sniff guns. They sniff drugs. So the fact that somebody has a Loaded drum magazine doesn't give any reason why you would bring a drug sniffing dog So now I Think just going back to the GPS warrant itself The district court correctly found there was no probable cause and What we have is an extremely bare-bones tip. We have a guy who says there's somebody named Kendall. This is phone number He lives in Arizona and he drives drugs up to Seattle The problem with that is that the agents did no corroboration virtually none all they did was find out that there was somebody named Kendall Hawkins who lived in Arizona and that he Lived at addresses that were associated with that phone number that says nothing about drug dealing It says nothing about anything really anybody who's ever lived with somebody else has an address associated with that person's phone It just doesn't cut it But the circumstances of this warrant are extremely telling Which is we have two paragraphs in a 37 page warrant application Which had to do with a very large drug trafficking organization that the government had been Investigating for two years and the only connection of mr. Hawkins to that DTO Was the informant said he was selling drugs to this guy named Kenneth Lee Kenneth Lee had been arrested six weeks earlier. So there was at that time really no connection between mr Hawkins and this DTO and yet The government chose to put or the agent chose to put that in this big warrant application and that goes to good faith Not only was this a bare-bones two-paragraph two-paragraph recitation But the way the agent structured the affidavit Evidence is a lack of good faith. And that is to say putting this Person who's not really connected to this organization and you know as an aside He was never even Indicted in connection with this organization putting that in with all this knowing that the magistrate has seen multiple warrant affidavits multiple requests for permission to track from this organization Sticking him in there was deceptive not noting that The the one alleged connection had been arrested six weeks earlier not putting that anywhere in the section with mr Hawkins Right, you're just saying it's not in a location or a location that's satisfactory to you, correct? That's that's why there's no Frank's violation, but we're talking about good faith, which is again a different question than Frank's We're talking about whether the government can take advantage of the good faith exception and and if you if you look at those two paragraphs and you think about whether those two paragraphs if they had been submitted as a standalone affidavit Which I doubt any prosecutor would have bothered to do that But I don't think any magistrate judge would have issued a warrant based on those two paragraphs and for those reasons The government should not or the the agent should not have been able to take advantage of the good faith exception And the district court was wrong on that So given that we have this invalid warrant, which it leads directly to Tracking. Mr. Hawkins leads directly to the cell site simulator warrant leads directly to this multi-agency team of agents and officers stopping him It's through the poisonous tree. There's no break in the chain and If we think problem cause is close, why shouldn't we just defer to the magistrate judge? well, you know the district court also knew that law and The district court said, you know giving deference to the magistrate this was too thin and the district court also agreed that the evidence relating to Kenneth Lee was too stale and This court should uphold the district courts finding because it was based on a much more thorough examination of this warrant It had the benefit of the adversarial system You know the this court is recognized that magistrates are very hurried and in the circumstance of this case show Why this happens? I mean you've got a magistrate judge who's presented with a 37 page affidavit about an organization for which multiple warrants have been issued over the last two years and Then you've got this two paragraphs and buried in this 37 pages So no while you give deference to the magistrate, I think this the circumstance of this case don't make it close All right, any further questions you have only like 22 seconds left, but we'll give you two minutes for rebuttal. All right. Thank you. Thank you Okay, go ahead please good morning your honors and may it please the court Lauren Watts Stanier for the United States there are really three separate paths this court can take to uphold the vehicle search warrant and Affirm the district court any one of those is sufficient The first is that there was probable cause to support the initial GPS warrant The second is that even if there wasn't probable cause there certainly was good faith on behalf of the agents who executed that warrant and the third which is where this court started with my friend on the other side is Setting aside the GPS warrant and the issue of good faith there is a lawful an undeniably lawful vehicle stop a Canine sniff that gave rise to probable cause to search the vehicle. So I think that's where I'll start It's where you spent the bulk of your time with my friend on the other side and then I'll address the search warrants at the end of my time Now as the court recognized Below The defendant conceded as they really needed to that the vehicle stop based on speeding was entirely lawful And that's at ER 55 that lawful vehicle stop gave rise to a canine sniff within six minutes of Officer Summers pacing the car. Can you do a dog sniff after just any old? Ren stop or do you need something beyond the just fat flat-out run stop? Yeah, I think Illinois V caballas really answers this question for us your honor So long as that dog sniff doesn't extend the other incidents of the traffic violations So as long as someone's running the warrants and writing up that traffic violation then a canine sniff within that time And were they writing up a traffic violation? That I don't they were running the warrants your honor and and I think we know that from ER 216 which judge McEwen pointed out? That's the place in the record where agent McCann explains that while the canine was being applied Another officer another task force officer was doing things incident to the traffic stop But doing what doing what things incident to the traffic stop and the record is not entirely clear on that point It's one line in an affidavit that says, you know He was attending to the traffic stop while the canine was being applied. It's worked on other aspects Very big but I think they weren't writing up a traffic violation Well, I think to you know two responses to that your honor the first is we can look to the duration of the stop between you know, when the individual pay when the officer paced the car and when the canine alerted as Evidence that this was happening quickly and that there wasn't an extension of the traffic I don't think Rodriguez focuses on the amount of time right? It's just if there's any extension. That's for a Investigation that is completely independent of the stop. That's a problem, right? It doesn't say six minutes is okay, but ten minutes is not and I guess I'm just concerned that if I do look at Officer Summers statement, he doesn't mention anything about the traffic stop happening or traffic investigation taking place during the dog sniff and Similar to the FBI 302. There's nothing about an ongoing traffic investigation You're right your honor so what we have in the record is that er 216 but as the court also discussed with my friend on the other side as soon as Officer Summers asked for the rental agreement and that That glove compartment was open in the drum magazine The officers saw the drum magazine that really changed the tenor of the stop here So that you know turned this kind of Wren Speeding stop into something that raised concerns about officer safety And I want to put the dog is not sniffing for guns. The dog is not even sniffing for fentanyl No, that's true and the kind of two responses first, you know the officers this is reasonable suspicion We're talking about here when we want to when we are looking to whether we can prolong the traffic stop And and again, we don't think it was prolonged But even if it was reasonable suspicion of drugs, you know officer agents No based on their training and experience that drugs and guns go together so that enough that could give rise to reasonable suspicion But also, you know, we have the CI tip that had told agents though anytime there's an empty magazine cartridge You can do a dog sniff for drugs As you know with within a very short period of time and I think in the circumstances of what happened in this traffic stop Certainly your honor and the fact that you know The individuals were removed from the car and the quick time in which that dog sniff happened that tells me it wasn't Extended in the first place and if it was it was extended for a lawful reason under Rodriguez, which was either officer safety or You know the agents did at this point, you know, even if the court how how is the presence of? a Dog sniffing for drugs. How is that officer safety? The officer safety is the individuals being removed from the car. So that just takes time is what I'm talking about Okay, but relate the dog sniff to officer safety if you can I think what what I was about to say is the dog sniff can relate to Pre-existing concerns about drug trafficking now. Remember this individual had been identified by a confidential informant who was reliable Saying this person is trafficking in drugs So even if the court finds that that doesn't give rise to probable cause it certainly gives rise to reasonable suspicion So, you know and that that's throughout the record here that the point of the stop it was predominantly a traffic stop That is enough. The traffic stop wasn't extended but even if the court finds that it was extended there was reason to investigate drug trafficking and there was reason to You know remove the individuals from the car for officer safety We have the district court basically saying to put it all together The traffic stop was valid the officers had reasonable suspicion of a crime they extended the stop consistent with their larger mission, which was not invalidated by the lack of probable cause on the GPS warrant and After the dog alerted they had probable cause to conduct a subsequent search. So Those are kind of a mixture of findings and Legal conclusions. How do we on what standard of review? Do we take this district court decision? I think that to the extent there are factual findings embedded in there That's obviously reviewed for clear error, but the legal conclusion about whether probable cause existed in the stop, etc That's reviewed de novo and is the finding that The stop was extended is that a fact finding or is that a Legal finding I think that would be a mixed finding of law in fact, so I think that would be reviewed for clear error But again, you know, we think that it would be clear error because the only evidence in the record is that er 216? Which says the stop wasn't extended? But what the district court did get right is that to the extent it was extended ever so slightly that was consistent with the overall mission of the stop which was really threefold traffic officer safety and Investigating drug trafficking and again, we're at a reasonable suspicion standard. It's it's a low standards lower than probable cause Is there any evidence in the record that the officers would have done this traffic stop absent this drug investigation? I don't think so. Your honor is thinking about that when you asked my colleague and I I don't think that matters That's the point of Wren is that the subjective intent of the officers? Doesn't matter in a stop like this. So whether they would or wouldn't have done the stop that doesn't matter What matters is that this individual was speeding he committed a traffic violation and Wren says we can pull him over for that let's go back to the CI and Basically, we have a phone that's associated with that address of Kendall Hawkins, but it has a different name and so It appears they think that's a false name. But is there anything else? In The record with respect to other people living at that address Who also could have been associated with the phone or anything else beyond? Their assumption that it was a false name on the subscription to the phone I'm not aware of anything else in the record indicating other individuals were living at that address But there is there are two touch points between Kendall Hawkins and the phone So when the agents got subscriber information for the phone as you pointed out your honor It was in a different name from Kendall Hawkins, but associated with an address also associated with Kendall Hawkins and then Different information or kind of subsequent information associated the phone and mr. Hawkins with a second address So, you know that's significant. There are multiple touch points that are connecting this Phone to Kendall Hawkins and in addition to the fact that the CS Knew the first name of the person that he said owns the phone So I don't think it's correct at all to say that there was no corroboration of this confidential sources tip the confidential source was Known to law enforcement. They had a five-year relationship with a local law enforcement agency during which they provided Reliable information they were paid informant that five-year paid informant relationship is really important because The CS has incentive to provide accurate information So, you know, that's two of the gates factors right there and then the corroboration, you know, there was some corroboration So the agents were able to see that this individual accurately the CS accurately Captured TT 86, which was a telephone number associated with someone named Kendall that Kendall lived in Arizona and two houses or two residences Connected him with the phone and we think that that's sufficient for probable cause, you know It's close but we think it's enough and on an affidavit like this There is significant deference owed to the magistrate judge significant deference But even if this court disagrees there was at least a colorable Argument for probable cause which is what the good faith standard is and the good faith standard is an important standard in this case Because the agents went to the magistrate they presented a warrant they presented it in a really straightforward manner now There's some suggestion for my friend on the other side that this was a lengthy or deceptive warrant somehow But the court just needs to look at the warrant to know that that is not the case There's a very clear header that says probable cause for TT 86 Kendall Hawkins and then below that header. There's the probable cause set out really clearly so the the magistrate judge had everything that she needed in this search warrant to Make an evaluation of probable cause and again, we might ask you what what should we make of the fact that it's lawful to possess? a magazine I don't think that that really bears on this conclusion because when the Individuals sought Officers can get shot with shot with lawful guns So when the officers saw a magazine in the glove compartment They had every right to say that raises some concerns for officer safety We can take them out of the car and we can you know And make sure we're investigating or kind of taking concern for officer safety. So I don't think the lawful nature of the magazine Really bears on the officer safety analysis Hmm what about the fact that the dog wasn't trained to sniff for the narcotics that were actually in this car that also is not relevant your honor what we look at when we look at probable cause is we look at what the facts giving rise to the circumstances and at the front end not at the back end So for example, if the agent had found nothing in the car that wouldn't invalidate probable cause just because in hindsight there wasn't anything in the car and And that's for good reason your honor We're not arguing just because something was found in the car that you know, the dog that the canine was valid It's something that we look at kind of moving forward Now we again, you know There are three ways that this court can affirm the district court and we think any one of them is sufficient first Given the deference owed to the magistrate judge here There was enough to support probable cause Second even if this court finds there wasn't enough to support probable cause there certainly was a colorable argument for probable cause and the agents You know candidly did everything right here and one of the thing the courts can look at when they think about probable cause is they can think about kind of the whole duration of the investigation One fact the court may consider is the agents didn't need a search warrant to search the vehicle on the side of the road that evening But they decided to get one out of an abundance of caution. So that just goes to their good faith and Then finally the traffic stop it was sufficiently attenuated from anything having to do with the GPS warrant It was lawful. It wasn't extended or to the extent that it was but why should we rely on the vague statement of somebody? Who wasn't there? Well as as agent McCann says in her affidavit She was in constant contact with individuals who were there. She was also the lead investigator on this case She had her thumb on the pulse of the entire case That's also in her affidavit and she would understand that the extension was going to be a key issue And all she could say is they worked on other aspects of the traffic stop. I Mean, I think that that's what the record that the court has in front of them And I think that that is sufficient there There's nothing in the record to invalidate Agent McCann statement and the duration of the stop while I agree. It's not sufficient. It's an important fact to look for it's hard to imagine a six-minute stop that's been extended or kind of deviated in any way and really what it looks like is that the individuals were removed from the car and Kind of passed to the canine as the canine came back to the car and alerted on the drugs I See, I'm out of time. I'm happy to answer any additional questions. The court has we would respectfully ask the court affirm the district court Thank you Thank you. We don't have any more questions. All right, go ahead. You have two minutes Just a few quick points I think the government just conceded that this stop was to investigate drugs. That is a different question I have to cannot highlight that enough in spite of her calling this a Wren stop Wren is a separate issue from whether this stop was independent of the tainted evidence from the warrants Those are two separate issues and I want the court to make sure to look at those two questions separately I'm not contesting that the police can't stop somebody for speeding even if they want to stop them for a drug investigation The question is whether it was independent of the evidence gathered from the warrant Secondly in terms of corroboration on the warrant If you look closely again at the words in the warrant application, there was no corroboration that this was even mr Hawkins's phone all they corroborated was that this phone number Was subscribed under one person's name and that the addresses were associated with mr Hawkins that could be true with anybody sitting here who's ever lived with somebody else That their phone their phone could be subscribed in one name and it could be associated with addresses where they once lived So that's not sufficient to show anything about him. Other than that. He has a phone and he Somehow is associated with it at some point, but doesn't say anything about corroborating. He's a drug dealer Third when we look at the informant himself It is true. Yes that he was a known informant, but nothing else about him or his tip It under gates or any of the other cases Would say that he is reliable. I mean he's got convictions for false information It doesn't say that he's actually made cases before it says he just wasn't closed for cause those are two different things He's a paid informant. He didn't give any predictive information. He didn't give any basis of knowledge So when you look at the gates factors, he wasn't a particularly reliable informant And the last thing I'd say Regarding McCann statement in her affidavit in response to the motion to suppress McCann wrote a report right after this traffic stop happened and she didn't mention anything about Traffic related work being done while the dog was being led around and I think we have to look at what was written at the time the police report by the police officer and the police report by McCann who was supposedly talking to them on the phone Nothing. Are you referring to the FBI 302? Yes, which okay So there's the FBI 302 and then there's the report of officer Summers and neither of them mentions anything about traffic Infraction related activity taking place. So I'd ask the court to look at all of those things And in closing I'd say tracking somebody via GPS is an extremely intrusive thing to do The court the the government is basically tracking somebody's every movement for weeks on end and They shouldn't be able to do that by taking shortcuts. And so this case is important and I'd ask the court reverse. Mr. Mr. Hawkins's convictions. Okay. I want to thank both counsel for your extremely helpful arguments and we are adjourned for the day. Thank you
judges: McKEOWN, FLETCHER, KOH